IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00180-GPG-SBP

FRANCISCO SERNA and
AJHALEI SNODDY

    Plaintiffs,

v.

JEFFREY P. COLWELL,
JUDGE DOMENICO,
JEFF PERRET,
KYLE WIGINGTON,
JUDGE MUNCH, and
STATE OF COLORADO

    Defendants.

---

**ORDER GRANTING MOTIONS FOR ATTORNEY'S FEES (ECF Nos. 31, 33)**

---

**Susan Prose, United States Magistrate Judge**

Previously, United States District Judge Gordon P. Gallagher dismissed all claims brought by plaintiffs Francisco Serna and Ajhalei Snoddy (collectively, "Plaintiffs") against defendants Jeff Perret and Kyle Wigington. Order of Dismissal, ECF No. 20 ("Dismissal Order") at 12. Specifically, Judge Gallagher found the claims against Messrs. Perret and Wigington were "frivolous and vexatious" and authorized Messrs. Perret and Wigington to seek their fees and costs. *Id.* This matter is now before the court on Mr. Perret's Motion for Attorney's Fees, ECF No. 33 ("Perret Motion") and Mr. Wigington's Motion for Attorney's Fees, ECF No. 31 ("Wigington Motion"), after both were referred to the undersigned United States Magistrate

1

Judge pursuant to 28 U.S.C. § 636(b)(1). Memoranda of Referral, ECF Nos. 32, 34. Plaintiffs have not challenged the relief sought by filing a response or otherwise.

Having reviewed the two Motions, the exhibits attached in support thereof,[1] and the applicable caselaw, the court finds that Messrs. Perret and Wigington are entitled to the full amount of fees sought in their Motions. For the reasons below, the court **GRANTS** both Motions and awards Mr. Perret his attorney's fees in the amount of $15,279.50 and Mr. Wigington his attorney's fees in the amount of $7,290.00.

Because Judge Gallagher has already determined that Messrs. Perret and Wigington are entitled to an award of their attorney's fees, the only matter at issue is whether the amount sought in the respective Motions is reasonable. *See* Dismissal Order at 12. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982)). The party seeking an award of fees bears the burden of demonstrating the reasonableness of the hours billed and rates charged. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). To carry this burden, the party must "submit[] meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those

---

[1] *See* Affidavit of Murray I. Weiner, Esq., ECF No. 31-1 ("Weiner Aff."); Weiner Billing Records ECF No. 31-4; Declaration of Derek C. Anderson, Esq., ECF No. 33-1 ("Anderson Decl.").

hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Ultimately, a court has considerable flexibility in determining what is a reasonable amount of any fee award, and such determinations are reviewed under the deferential abuse-of-discretion standard. *See, e.g.*, *Kerner v. City & Cnty. of Denver*, 733 F. App'x 934, 935-36 (10th Cir. 2018).

The hourly rates charged by attorneys for each defendant—between $265 and $480, *see* Weiner Aff. ¶ 3; Anderson Decl. ¶ 7—fall comfortably within the range of rates deemed reasonable by courts in this District. *See, e.g.*, *Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-00304-WJM-NRN, 2021 WL 2981970, at *3 (D. Colo. July 15, 2021) (collecting cases and noting that "hourly rates—ranging from $365 to $895 for attorneys, and $250 to $275 for support staff—are lower than hourly rates previously approved by this Court and others within the District"). The court finds, too, that the rates charged for support staff, ranging between $100 and $150 per hour, are reasonable. *See id.*; *see also* Weiner Aff. ¶ 3; Anderson Decl. ¶ 7.

Mr. Parret submits that his attorneys and paralegals have billed approximately 81.5 hours, and Mr. Wigington's attorneys 22.4 hours, in reviewing the complaint and the docket, preparing their respective Motions to Dismiss and replies in support thereof, ECF Nos. 11, 12, 16, 24, and in preparing the Motions for Attorney's Fees. *See* ECF No. 31-4; Anderson Decl. at 5-34. On its face, the 22.4 hours billed by Mr. Wigington's attorneys strikes the court as eminently reasonable. And while the number of hours billed by counsel for Mr. Parret is considerably higher, given the unique nature and circumstances of this case, involving pro se litigants bringing what the court later found to be vexatious claims, the court declines to find that this higher

number is unreasonable. Moreover, the court has reviewed the billing records submitted in support of the Motions, ECF No. 31-4; Anderson Decl. at 5-34, and does not detect any duplicative billing or clearly excessive time spent on tasks. Consequently, the court finds it appropriate for Messrs. Perret and Wigington to recover the full amount of the attorney's fees sought in their Motions.

For the reasons above, the court respectfully **GRANTS** the Motions for Attorney's Fees, ECF Nos. 31, 33, and awards Mr. Perret his fees in the amount of $15,279.50 and Mr. Wigington his fees in the amount of $7,290.[2]

DATED: April 30, 2025                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").